OPINION
{¶ 1} In August of 1999, Jeffrey and Margaret Heintzelman hired appellant, Thomas Martel, to install an attic air conditioner in their home. The air conditioner never worked properly. Appellant attempted to fix the problem, but was unsuccessful. In 2001, the Heintzelmans hired Air Experts to attempt to fix the air conditioner. The problems continued. On July 15, 2002, Mr. Heintzelman went to the attic to stop the air conditioner from leaking through the ceiling. He was electrocuted by an exposed outlet providing power to the condensation pump leading to the air conditioner.
 {¶ 2} On December 10, 2002, Margaret Heintzelman, filed a wrongful death action regarding her husband's death, naming appellant as a defendant (Case No. 02-CVH-12712). At the time of the air conditioner's installation, appellant was insured under a policy issued by appellee, American Family Insurance Company (Policy No. 34-X03305-01). Appellee defended appellant in the lawsuit, and turned down a settlement offer, allegedly without informing appellant of the offer.
 {¶ 3} On December 4, 2003, appellee filed a declaratory judgment action, Case No. 03CVH12896, seeking a judgment it had no duty to indemnify appellant for any damages award in the Heintzelman case. Appellant did not respond to the action. Appellee then filed a motion for default judgment. On March 10, 2004, the trial court granted the default judgment, finding appellee had no duty to indemnify appellant. Allegedly, appellee told appellant not to worry about this default judgment.
 {¶ 4} On March 7, 2005, a jury returned a verdict in the wrongful death case in the amount of $3,664,186.00 as against appellant. The trial court awarded prejudgment *Page 3 
interest because appellee failed to make a good faith effort to settle, and had attempted to alter the language of the policy.
 {¶ 5} On August 23, 2006, appellant filed a complaint against appellee claiming bad faith regarding settlement negotiations, fraud in changing language in the policy, and failure to protect its insured. On December 4, 2006, appellant filed an amended complaint to include a claim for fraudulent misrepresentation regarding misrepresentations made over coverage under the policy and over the default judgment in the declaratory judgment action. On December 15, appellee filed a motion to dismiss the complaint, claiming res judicata because of the declaratory judgment decision, and a motion to disqualify appellant's counsel. By judgment entry filed February 1, 2007, the trial court granted the motions, dismissing appellant's amended complaint, and disqualifying appellant's counsel.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS."
 II {¶ 8} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISQUALIFY APPELLANT'S COUNSEL."
 I {¶ 9} Appellant claims the trial court erred in dismissing his complaint pursuant to Civ.R. 12(B)(6). We agree. *Page 4 
 {¶ 10} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs., 65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.Byrd. v. Faber (1991), 57 Ohio St.3d 56.
 {¶ 11} Appellee's motion to dismiss was based upon the doctrine of res judicata. In Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."
 {¶ 12} Appellee argues the declaratory judgment decision in Case No. 03CVH12896, barred the litigation of the claims raised sub judice. Appellee argues it "conclusively established that there was no contractual relationship between Martel and American Family for the loss in question." Appellee's Brief at 1. The March 10, 2004 declaratory judgment decision stated the following in pertinent part:
 {¶ 13} "The matter arises pursuant to Ohio Revised Code 2721.02. Plaintiff seeks a determination of its rights and obligations with respect to a Commercial Insurance Policy, Policy No. 34-X03305-01, that it issued to Defendant Tom Martel, dba Martel Heading Cooling (`Martel'). Specifically, Plaintiff seeks a determination that it has no duty to indemnify Martel with respect to an alleged loss occurring on July 15, 2002, as set forth in Delaware County Common Pleas Case No. 02-CVH-12712. *Page 5 
 {¶ 14} "Having fully considered the relevant law, documents and filings in this matter, it is hereby ORDERED, ADJUDGED and DECREED that:
 {¶ 15} "Pursuant to the terms of Policy No. 34-X03305-01, Plaintiff American Family Insurance Company has no duty to indemnify Defendant Tom Martel, dba Martel Heating Cooling, for the alleged loss occurring on July 15, 2002, in the event that a determination of liability is made against the Defendant or in the event that a decision is made by the Defendant to pay to Margaret Heintzelman, individually or as the executor of the Estate of Jeffrey K. Heintzelman, any monies vis-à-vis a settlement agreement regarding the lawsuit filed in Delaware County by Margaret Heintzelman and bearing Case No. 02-CVH-12712."
 {¶ 16} The declaratory judgment action determined appellee did not have to pay out under the policy for any judgment entered as a result of the underlying tort action of "Margaret Heintzelman, individually or as the executor of the Estate of Jeffrey K. Heintzelman," Case No. 02-CVH-12712.
 {¶ 17} In reviewing appellant's amended complaint, it must first be noted the declaratory judgment decision, the complaint, and the trial court's judgment entry granting the dismissal, all acknowledged that appellant had a valid insurance policy with appellee during the period of May 18, 1999 through May 18, 2000. Therefore, during this period, a valid insurance contract existed, and there was a contractual relationship between appellant and appellee.
 {¶ 18} The amended complaint averred that despite no duty to indemnify the Heintzelmans, appellee misrepresented the nature of the declaratory judgment *Page 6 
determination, and failed to inform appellant of a proposed settlement agreement during the course of appellee's representation of appellant.
 {¶ 19} Given the strict standard imposed by a Civ.R. 12(B)(6) dismissal, we find res judicata is not applicable to these claims of failure to communicate and misrepresentation. Although appellee assumed the representation of appellant under a "reservation of rights" designation, a valid contractual relationship existed.
 {¶ 20} We note appellee, having succeeded in the declaratory judgment action, could have withdrawn from the representation of appellant. Once appellee became a volunteer to the action, appellee assumed another duty to appellant.
 {¶ 21} Upon review, we find the trial court erred in granting appellee's motion to dismiss.
 {¶ 22} Assignment of Error I is granted.
 II {¶ 23} Appellant claims the trial court erred in finding his counsel from Cooper Elliot was disqualified from pursuing the causes of action sub judice. Cooper Elliot represented the Heintzelmans.
 {¶ 24} A determination on the disqualification of counsel lies in the trial court's sound discretion. State v. Dillman (1990),70 Ohio App.3d 616. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 25} Appellant's initial complaint was filed on August 23, 2006. Appellant's counsel initiated, prosecuted, defended and appealed to the Supreme Court of Ohio the *Page 7 
underlying tort action against appellant. Appellant argues the Ohio Rules of Professional Conduct do not prohibit the representation of him by his attorney. We disagree.
 {¶ 26} When this case was initiated, appellant's counsel was pursuing an appeal of the underlying tort action against appellant in the Supreme Court of Ohio. In fact, the direct appeal was not finalized by this court until September 14, 2006. This date is after the filing of the initial complaint.
 {¶ 27} When the trial court ruled on February 1, 2007, there was still an action pending in the Supreme Court of Ohio wherein appellant's present counsel was pursuing an appeal against appellant. We conclude the trial court was correct that such a conflict was unwaivable. We note at this period of time, a conflict may no longer exist and we remand the issue to the trial court.
 {¶ 28} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed and remanded.
 By Farmer, J. Hoffman, P.J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1